**In re Gayle Curtis BURI, Debtor.**

**David Seitter, Chapter 7 Trustee, Plaintiff,**

v.

**Judy R. Buri, Defendant.**

**Bankruptcy No. 97–20040–JTF. Adversary No. 98–6046.**

United States Bankruptcy Court, D. Kansas.

June 24, 1999.

---

Trish Rose, Reynolds, Forker, Berkley, Suter, Rose & Graber, Hutchinson, KS, for Judy R. Buri.

John Lewis, Jr., Levy and Craig, P.C., Overland Park, KS, for Office of U.S. Trustee.

## MEMORANDUM OPINION [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

This matter is before the court on the motion for summary judgment of plaintiff David C. Seitter, Trustee.[2] The defendant, Judy R. Buri, has filed in response, and the plaintiff has filed a reply. The matter is now ready for ruling. Because the trustee has failed to meet his burden of showing an absence of any genuine issue of material fact, the trustee's motion for summary judgment is denied.

On May 20, 1998, the trustee filed an action against Judy Buri, seeking authority to sell the interest of the defendant and the estate in certain real property under 11 U.S.C. § 363(h).[3] The trustee now contends that he has demonstrated an absence of any genuine issue of material fact as to the elements he must show to prevail in an action under § 363(h) and asserts that the estate is entitled to judgment as a matter of law.

---

1. The defendant, Judy R. Buri, appears by her attorney, Trish Rose of the law firm of Reynolds, Forker, Berkley, Suter, Rose & Graber, Hutchinson, Kansas. The Office of the United States Trustee appears through its attorney, John Lewis, Jr., of the law firm of Levy and Craig, P.C., Overland Park, Kansas.

2. Plaintiff's Motion for Summary Judgment Pursuant to Bankruptcy Rule 7056 filed March 30, 1999 (Doc. # 20).

3. The court has jurisdiction over this proceeding. 28 U.S.C. § 1334; D.Kan.Rule 83.8.5. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (b)(2)(N).

## I. Summary Judgment Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." [4] A factual dispute is "material" only if "it might affect the outcome of the suit under the governing law." [5]

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact.[6] Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." [7] An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.[8] This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial.[9]

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." [10] The court "must view the record in the light most favorable to the part[y] opposing the motion for summary judgment." [11]

## II. Discussion

■ Section 363(h) permits the trustee to sell a co-owner's interest in property under certain circumstances. Subsection (h) provides, in pertinent part:

[T]he trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Thus, before the trustee is permitted to sell the interest of any co-owner in property, the trustee first must demonstrate the threshold requirement that the debtor had, at the time of the commencement of the case, an *undivided* interest *as a tenant in*

4.  FED.R.CIV.P. 56(c); *accord Anderson v. Liberty Lobby, Inc. .*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir. 1993). RULE 56 of the FEDERAL RULES OF CIVIL PROCEDURE governs summary judgments and is made applicable to bankruptcy adversary proceedings through RULE 7056 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE.

5.  *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

6.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. Watonga,* 942 F.2d 737, 743 (10th Cir. 1991).

7.  *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505.

8.  *Id.* at 248, 106 S.Ct. 2505.

9.  *Id.* at 252, 106 S.Ct. 2505.

10.  *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991).

11.  *Deepwater Invs. Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991).

*common, joint tenant,* or *tenant by the entirety.* After fulfilling this precondition, the trustee then must demonstrate satisfaction of the four additional factors enumerated in the statute.

■ In the trustee's motion for summary judgment, he sets forth a number of uncontroverted facts. Many of these facts were deemed admitted by order of the court on March 11, 1999, as a result of defendant's failure to respond to the trustee's Request for Admissions. One such fact set forth by the trustee states: "Debtor had an interest in the subject real property known as 9 Crescent Boulevard, Hutchinson, Kansas on January 9, 1997."[12] No where in the trustee's "Statement of Uncontroverted Facts"[13] does he further elaborate on what kind of interest the debtor had at the time of the commencement of the case, to wit, whether the interest was an *undivided* interest and whether the debtor held the interest as a *tenant in common,* a *joint tenant* or a *tenant by the entirety.* Consequently, even assuming all the facts stated by the trustee are uncontroverted, the trustee has failed to meet his initial burden of showing that there is an absence of any genuine issue of material fact.[14] Accordingly, because the trustee has failed this burden, summary judgment in his favor must be denied.[15]

Even if the court were to find that the trustee had shown an absence of any genuine issue of material fact with respect to the threshold requirement of section 363(h) (that the debtor had an undivided interest as a tenant in common, joint ten-

ant, or tenant by the entirely at the time of the commencement of the case), the court would still deny summary judgment. The trustee's motion for summary judgment suffers from a number of other deficiencies that preclude entry of summary judgment in his favor.

■ First, the trustee's affidavit submitted in support of summary judgment[16] fails to comport with the requirements of FED.R.CIV.P. 56(e) inasmuch as the affidavit does not state that it was "made on personal knowledge" and does not "show affirmatively that the affiant is competent to testify to the matters stated therein."[17] Consequently, the trustee has failed to lay the proper foundation for admission of his affidavit statement no. 16 that "[a] partition of the subject property is impracticable." Only admissible evidence may be considered in ruling on a motion for summary judgment.[18]

Second, the affidavit does not "attach[ ] thereto" "sworn or certified copies of all papers … referred to in [the] affidavit."[19] In statement no. 10, the trustee refers to a Journal Entry of Divorce and states that "a true and correct copy of the Decree is attached hereto and incorporated herein." Such document, however, was not attached to the affidavit and does not appear in the court file.

Third, although the trustee argues in the body of his motion that "[i]t is further uncontroverted that sale of the Debtor's interest in property is not practicable," the motion fails to include any statement of

12. Trustee's Stipulation of Facts filed March 30, 1999, numbered paragraph 11, at 2 (Doc. # 21).

13. Plaintiff's Motion for Summary Judgment Pursuant to Rule 7056 filed March 30, 1999, at 2–3 (Doc. # 20).

14. *See Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548; *Hicks,* 942 F.2d at 743.

15. Unless the trustee is able to present sufficient evidence on this point at trial, the court will likely enter judgment in favor of defendant.

16. Affidavit in Support of Plaintiff's Motion for Summary Judgment filed April 16, 1999 (Doc. # 22).

17. FED.R.CIV.P. 56(e).

18. *See* D.KAN.LBR 7056–1 ("Affidavits or declarations shall be made on personal knowledge and by a person competent to testify to the facts stated which shall be admissible in evidence.")

19. FED.R.CIV.P. 56(e); D.KAN.LBR 7056–1.

fact in this regard. Nor has the trustee set forth in his "Statement of Uncontroverted Facts" the other three elements he must satisfy under section 363(h). Because the trustee has not complied with D.KAN.LBR 7056–1, this court cannot make any reasonable assessment of what facts are legitimately in dispute.

IT IS THEREFORE ORDERED that the trustee's Motion for Summary Judgment is DENIED.